UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
LISA POWERS,

                       Plaintiff(s),

- against -

ASPLUNDH CONSTRUCTION CORP.,

                       Defendant(s).
-------------------------------------------------------------------x

ECF CASE

COMPLAINT

Jury Trial Demanded

Civil Action,
Case No. 17-cv-5541

      Plaintiff, by and through her attorneys, TAUBMAN KIMELMAN & SOROKA, LLP, as and for her Complaint against the Defendant states and alleges as follows:

### NATURE OF THE CASE

      1.     This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"), as well as the New York State Human Rights Law, Executive Law, §290 et seq. ("NYSHRL"), to remedy unlawful discriminatory and retaliatory employment practices on the basis of gender.

### JURISDICTION AND VENUE

      2.     This Court has jurisdiction of the claims herein pursuant to 28 U.S.C.A. §§1331 and 1343.

      3.     Supplemental jurisdiction of state law claims is conferred on the court by 28 U.S.C.A. § 1367.

4. The unlawful employment practices of which Plaintiff complains occurred within the Eastern District of New York and venue is proper in this District pursuant to §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3).

## PROCEDURAL REQUIREMENTS

5. On or about September 1, 2016, Plaintiff timely filed a charge of gender discrimination and retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff commenced this action within ninety (90) days of the receipt of a Notice of Right to Sue, issued by the EEOC on or about August 25, 2017.

## PARTIES

7. Plaintiff, LISA POWERS (hereinafter "Plaintiff"), is a female resident of the State of New York.

8. Plaintiff is and was, at all times mentioned herein, an "employee" within the meaning of Title VII and the NYSHRL.

9. Upon information and belief, Defendant ASPLUNDH CONSTRUCTION CORP. (hereinafter, "ACC") is and was, at all times mentioned herein, a foreign corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania.

10. ACC is and was, at all times mentioned herein, an "employer" within the meaning of Title VII and the NYSHRL.

## FACTS

11. Upon information and belief, ACC is a construction company in the business of, *inter alia*, digging trenches throughout Long Island, New York for the installation or repair of gas lines or mains and other utilities. It employs, as part of its workforce, *inter alia,* union laborers and flaggers.

12. Plaintiff was first hired by ACC from the union hall in approximately July 2015 as a "flag girl" even though the company was also hiring laborers and plaintiff was qualified to work as a laborer.

13. At all times mentioned herein, there were no female laborers at the ACC job sites where plaintiff worked. When plaintiff asked to work as a laborer, she was told not to touch the tools because she was there to flag only.

14. Between approximately July 2015 and July 2016, plaintiff was repeatedly and consistently subjected to discriminatory conduct because of her gender and treated differently than her similarly situated male co-workers.

15. Between approximately July 2015 and July 2016, plaintiff was repeatedly and consistently denied coffee breaks while male crew members were permitted coffee breaks.

16. Between approximately July 2015 and July 2016, plaintiff was repeatedly and consistently denied relief to go to the bathroom and was told that girls should wear diapers.

17. In approximately August 2015, having finished a job early, the male crew members were told to go sit across in the shade while plaintiff was instructed by the male foreman, without any justification, to stand with the flag in the sun for 1 ½ hours after which time the crew left the job site.

18. Periodically on Fridays the crew would get pizza but plaintiff was always denied relief so she could have a piece.

19. In approximately October 2015, plaintiff was working with a male flagger. He was permitted to work as a laborer, sweeping and shoveling, while plaintiff was only permitted to work as a flagger. The male flagger was also allowed to go to the bathroom without permission while plaintiff had to ask permission.

20. In approximately December 2015, plaintiff was briefly permitted to work as a laborer and was complimented by the foreman and others on her work. A few days later, plaintiff was replaced by a male laborer and she was again assigned to flagging duties. Whenever a new male laborer joined the crew, plaintiff was relegated back to flagging duties while the male crew member worked as a laborer.

21. In approximately December 2015, plaintiff was harassed and bullied by a male laborer, her co-worker. Plaintiff complained to the foreman on the job – an ACC employee and her supervisor - but he ignored her complaints.

22. In approximately January and February 2016, plaintiff was told not to come to work on snow days while male laborers were called to shovel snow for which they received pay.

23. In approximately February 2016, plaintiff was told to take certain gas utility safety classes in order to be able to continue working as a laborer alongside heavy machinery. Despite having taken the required classes, plaintiff requested on multiple occasions for work directing the machine operator but was denied while male laborers were permitted to perform such work.

24. On or about April 8, 2016, plaintiff asked Machine Operator Graham Hill ("Hill"), her co-worker, to help her backfill a hole which he always helped male laborers to do. Hill refused to help plaintiff. Plaintiff then complained to foreman Brett Denatalli ("Denatalli"), an ACC employee and plaintiff's supervisor, regarding Hill's refusal. Denatalli assured her he would "handle it."

25. On or about April 15, 2016, Hill, deliberately and with the sole intention of harassing plaintiff, moved the machine directly behind plaintiff and beeped the horn, startling plaintiff who was performing her job and causing her to jump. Plaintiff again complained to Denatalli who again told her he would "handle it."

26. Upon information and belief, Denatalli never admonished Hill or took any other remedial action and Hill's harassment of plaintiff continued.

27. On or about April 28, 2016, plaintiff's co-worker, a male laborer, told plaintiff that Hill will only work with him and not her. Plaintiff again complained to Denatalli whose response was, "I am tired of hearing about it, just get along."

28. On or about May 5, 2016, Hill purposely brought the machine directly behind plaintiff while she was working in a deep hole. Hill honked the horn and yelled at plaintiff, "Get the fuck out of the hole! Don't you see me coming?" Plaintiff again complained to Denatalli who told her to stop complaining and to just get along. Denatalli also admonished plaintiff not to tell anyone else about Hill's conduct.

29. On or about May 10, 2016, Hill again refused to back fill a hole that plaintiff was working on but he back-filled the holes of the male laborers. Plaintiff was forced to dig and fill all the holes she was working on.

30. On or about May 11, 2016, Hill sped up the machine behind plaintiff and moved the bucket within inches of her, once again placing her physical safety at risk.

31. On or about May 16, 2016, plaintiff attempted to complain to Denatalli about Hill's ongoing harassment. Denatalli replied, "I don't want to hear about it."

32. On or about May 19, 2016, Hill refused to help plaintiff remove asphalt and concrete, making it difficult for plaintiff to perform her job.

33. On or about May 24, 2016, at the start of the work day, Hill purposely blocked plaintiff's parking spot with the machine, again making it difficult for plaintiff to perform her job. Plaintiff complained again to Denatalli who failed to take any remedial action.

34. On or about May 25, 2016, Hill purposely pushed dirt back into a hole that plaintiff had already shoveled, forcing her to shovel it again.

35. On or about May 27, 2016, Hill purposely slammed the machine into the tamper tool plaintiff was working with, causing her whole body to jerk and once again endangering her physical safety.

36. On or about June 14, 2016, Hill again pushed dirt back into a hole already shoveled by plaintiff, forcing her to shovel it again. Plaintiff complained to Denatalli who again told her he did not want to hear her complaints.

37. On or about June 17, 2016, Hill again refused to help plaintiff but helped the male laborers.

38. On or about June 22, 2016, Hill permitted male laborers to load tools into the his bucket to be carried to the truck. Hill did not allow plaintiff to load her tools and she was forced to carry them.

39. On or about June 23, 2016, plaintiff complained to Master Mechanic Mike Martino ("Martino"), Hill's supervisor, regarding Hill's discriminatory conduct. Martino told plaintiff that he did not want to hear her complaints.

40. On or about June 27, 2016, frustrated by her supervisors' continuous failure to take any remedial action, plaintiff informed Denatalli that she intended to complain about the harassment and discriminatory conduct to someone else who will act on her concerns. In response, Denatalli informed plaintiff that he had already spoken to his boss, John Mazzucca, who directed him to tell plaintiff that she should keep her mouth shut or she would be fired.

41. On or about July 18, 2016, ACC terminated plaintiff from her position under the false pretense that it no longer had any work for her. Plaintiff was replaced by a male apprentice although other male laborers who were hired after her were not terminated or replaced. No male laborers were laid off or terminated.

42. At all times mentioned herein, despite the continuing unremedied harassment and discrimination, plaintiff continued to come to work and performed her job competently.

43. At all times mentioned herein, the above-described harassment was severe, continuous and intentionally designed to create a hostile work environment, and the refusal of ACC's supervisors to take corrective action fostered a culture that allowed male laborers and other employees to act in a demeaning and hostile manner toward plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION

44. Paragraphs 1 through 43 are realleged and incorporated herein by this reference.

45. That by reason of the foregoing, Defendant ACC discriminated against Plaintiff on the basis of her sex/gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* by engaging in and/or permitting acts that adversely affected the terms, conditions and privileges of her employment and/or created an intimidating, hostile, offensive working environment.

46. That by reason of the foregoing, Plaintiff has suffered loss of income and benefits and has suffered severe personal injuries, including, but not limited to, emotional distress, pain and suffering, anxiety, depression, fear and other psychological trauma and injury.

## AS AND FOR A SECOND CAUSE OF ACTION

47. Paragraphs 1 through 46 are realleged and incorporated herein by this reference.

48. That by reason of the foregoing, Defendant ACC retaliated against Plaintiff by taking adverse actions against her for having complained of discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

49. That by reason of the foregoing, Plaintiff suffered loss of income and benefits and suffered severe personal injuries, including, but not limited to, emotional distress, pain and suffering, anxiety, depression, fear and other psychological trauma and injury.

## AS AND FOR A THIRD CAUSE OF ACTION

50. Paragraphs 1 through 49 are realleged and incorporated herein by this reference.

51. That by reason of the foregoing, Defendant ACC discriminated against Plaintiff on the basis of her sex/gender in violation of New York Executive Law § 296 *et seq.* by engaging in and/or permitting acts that adversely affected the terms, conditions and privileges of her employment and/or created an intimidating, hostile, offensive working environment.

52. That by reason of the foregoing, Plaintiff has suffered loss of income and benefits and has suffered severe personal injuries, including, but not limited to, emotional distress, pain and suffering, anxiety, depression, fear and other psychological trauma and injury.

## AS AND FOR A FOURTH CAUSE OF ACTION

53. Paragraphs 1 through 52 are realleged and incorporated herein by this reference.

54 That by reason of the foregoing, Defendant ACC retaliated against Plaintiff by taking adverse actions against her for having complained of discrimination, in violation of New York Executive Law § 296 *et seq.*

55. That by reason of the foregoing, Plaintiff suffered loss of income and benefits and suffered severe personal injuries, including, but not limited to, emotional distress, pain and suffering, anxiety, depression, fear and other psychological trauma and injury.

WHEREFORE, Plaintiff demands judgment against the Defendant on each and every cause of action:

1. awarding back salary, front salary, benefits, seniority and accrued interest thereon, from Plaintiff's date of termination until entry of judgment against Defendant as well as post-judgment interest;

2. awarding the full amount of applicable compensatory damages;

3. awarding litigation costs and counsel fees as applicable;

4. awarding punitive damages as applicable;

4. and for such other relief as this Court may deem just and proper.

Dated: New York, New York
August 30, 2017

Yours etc.,

TAUBMAN KIMELMAN & SOROKA, LLP
Attorneys for Plaintiff
30 Vesey Street, 6th Floor
New York, New York 10007
(212) 227-8140
ptesquire@aol.com
amilcetic@cs.com

BY:  _____/s/ Philip E. Taubman_____
PHILIP E. TAUBMAN (PT 7312)
ANTONETTE M. MILCETIC (AM 8776)

STOWELL & FRIEDMAN, LTD.
Co-Counsel for Plaintiff
303 W. Madison, Suite 2600
Chicago, Illinois 60606

(212) 496-5690
SGlink@sfltd.com

BY: __/s/ Shona B. Glink_____
 SHONA B. GLINK (SG 8714)